**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
:
CY VENTURES LLC,                              :    **Civil Action No. 25-cv-2946**
:
                              Plaintiff,      :
:                  **COMPLAINT AND JURY TRIAL**
      v.                                      :  **DEMAND**
:
PROTHERA, INC d/b/a SFI USA;                  :
:
                              Defendant.      :  *Electronically Filed*
:
:
:
------------------------------------------------------------- x

  Plaintiff CY Ventures LLC ("Plaintiff"), by and through its counsel, hereby brings this Complaint against ProThera, Inc. d/b/a SFI USA ("Defendant"), and alleges as follows:

## PARTIES

  1. Plaintiff is a limited liability company existing under the laws of the State of New York, with a place of business at 50 Holt Drive, Stony Point, New York 10980.

  2. On information and belief, Defendant ProThera, Inc. is a corporation existing under the laws of the State of Nevada and maintains a principal place business at 795 Trademark Drive, Reno, Nevada 89521.

## JURISDICTION AND VENUE

  3. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

  4. Defendant is subject to specific jurisdiction in this Court, *inter alia*, because it conducts business in the District and has committed at least some of the acts complained of herein within this District.

5. On information and belief, Defendant does business in the State of New York, sells large quantities of various products, including dietary supplements, to customers in New York, engages distributors based in New York, maintains an interactive website accessed by residents of New York, and otherwise avails itself of the privilege of doing business in the State of New York.

6. Defendant has purposefully directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

7. Specifically, at all relevant times, Defendant was aware the Plaintiff resides in New York and that its illegal acts would cause harm to Plaintiff in New York. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in New York.

8. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

## BACKGROUND FACTS

9. On information and belief, Defendant is in the business of manufacturing and distributing healthcare products, including products sold under the KLAIRE LABS trademark ("Klaire Products").

10. On information and belief, Defendant owns US Trademark Reg. 5551790 for KLAIRE LABS ("Klaire Trademark").

11. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

12. Plaintiff resells products through an Amazon storefront named Z's Essentials.

13. Since its formation, Plaintiff has served numerous customers through its Amazon storefront.

14. Defendant's illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

15. Upon information and belief, Amazon is the world's largest online retailer.

16. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

17. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

18. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

19. Since approximately 2016, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

20. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

21. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

22. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

23. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

24. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

25. Plaintiff's Amazon storefront has amassed over thousands of reviews and holds a near perfect customer rating.

26. A small sample of Plaintiff's recent reviews are shown below:

## Z's Essentials

Visit the Z's Essentials storefront

★★★★★ | **99% positive** in the last 12 months (1425 ratings)

★★★★★ 4.9 out of 5
1,425 ratings

12 months ▼

| | |
|---|---|
| 5 star | 93% |
| 4 star | 6% |
| 3 star | 0% |
| 2 star | 0% |
| 1 star | 1% |

27. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANT ATTEMPTS TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

28. On information and belief, Defendant seeks to increase its profits by controlling the distribution and pricing of their products, including the Klaire Products, through unlawful means.

29. As demonstrated below, Defendant has engaged in a coordinated effort to preclude select third-parties from reselling genuine Klaire Products on online marketplaces by false allegations of intellectual property infringement and defamation.

30. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Klaire Products on Amazon.

31. On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

32. Because Plaintiff sells only genuine products through its Amazon storefront, Defendant has no legitimate intellectual property claims against Plaintiff.

33. Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Klaire Products without violating the intellectual property rights or other legal rights of Defendant.

34. The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

35. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

36. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless

> you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

37. On information and belief, Defendant was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

38. On information and belief, Defendant was, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

39. Defendant filed complaints with Amazon that alleged that Plaintiff was selling Klaire Products that infringed the Klaire Trademark.

40. Defendant knew, or should have known, that such allegations were false.

41. Each complaint submitted to Amazon was signed under penalty of perjury by an agent of Defendant.

42. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

43.     Once confirmed through discovery, all individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

44.     On or about August 5, 2024, Plaintiff received a first of several notices from Amazon. The August 5, 2024 notice stated as follows:



Hello Z's Essentials,

The following listings are at risk of deactivation due to violations of our policies. You can find details of the at-risk listings below.

We are reaching out to you about this issue before it impacts your ability to sell so we can resolve this with limited impact to your business.

**Why did I receive this message?**

We received a notice of infringement from a rights owner that indicates the below ASINs are allegedly infringing upon their intellectual property rights. This is a violation of Amazon policy.

**How do I address this issue?**

Provide one or more of the following to prevent deactivation of your listings:

-- An invoice

-- Letter of authorization from the rights owner

-- A licensing agreement from the manufacturer or rights owner demonstrating that your products are lawful

-7-

For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

**How do I submit this information?**

Go to Received Intellectual Property Complaints under the Product Compliance section in your [Account Health page](#).

Locate the deactivation record for this product listing. Click "Appeal" next to the listing deactivation record to submit information necessary to reactivate your listing.

**Has this message been sent in error?**

If you believe there has been an error, contact us on your [Account Health page](#) by clicking "Appeal" next to the listing at risk of removal and following the instructions provided.

If you think that the rights owner has made an error in sending the notice, reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions. The link is located below the appeal form.

**What happens if I do not provide the required information?**

If we do not receive a valid appeal by the due date on your Account Health page, the listing will be deactivated. The violation record will remain on your Account Health page for up to 180 days after the listing was deactivated or until the violation is successfully disputed. Leaving this and other listing violations unaddressed may result in account deactivation. If you do not provide the information within 90 days, you will receive a request to remove the inventory associated with these listings per our [removal policy](#).

Failure to address this request can lead to disposal of your inventory in accordance with the Business Solutions Agreement.

**We're here to help.**

If you need help understanding why your listings may infringe the intellectual property rights of others, search for ["Intellectual Property policy"](#) in Seller Central Help.

If you have questions about this policy or the information requested above, [contact us](#).

**Rights owner details:**

-- Robbie S

-- [rcsegall1@gmail.com](mailto:rcsegall1@gmail.com)

**Rights owner communication:** Our test buy has confirmed the unlawful use of the Klaire Labs trademark on all items sold by this seller.
**ASIN:** B0792FHLSG
**Title:** Klaire Labs Interfase Plus - Enzyme Combination to Disrupt biofilm Matrix + EDTA - Gastrointestinal System, Gut Flora, Biofilm & Detox Support (60 Capsules)
**Violation type:** TrademarkProductPackaging
**Complaint ID:** 17261795471

**Rights owner details:**

-- Robbie S

-- [rcsegall1@gmail.com](mailto:rcsegall1@gmail.com)

**Rights owner communication:** Our test buy has confirmed the unlawful use of the Klaire Labs trademark on all items sold by this seller.
**ASIN:** B006B1Y9WW
**Title:** Klaire Labs Pregnenolone - May Support Memory, Mood & Energy for Adults - 100mg Derived from Wild Yam - Bioavailable & Micronized for Enhanced Absorption - Hypoallergenic (60 Capsules)
**Violation type:** TrademarkProductPackaging
**Complaint ID:** 17261795471

**Rights owner details:**

-- Robbie S

-- [rcsegall1@gmail.com](mailto:rcsegall1@gmail.com)

**Rights owner communication:** Our test buy has confirmed the unlawful use of the Klaire Labs trademark on all items sold by this seller.
**ASIN:** B017ODLTUU
**Title:** Klaire Labs Iron Bisglycinate Chelate Supplement - 30mg Ferrous Bisglycinate Chelate - Designed to be Well-Tolerated, Well-Absorbed & Gentle on Stomach - Hypoallergenic (100 Capsules)
**Violation type:** TrademarkProductPackaging
**Complaint ID:** 17261795471

**Rights owner details:**

-- Robbie S

-- [rcsegall1@gmail.com](mailto:rcsegall1@gmail.com)

**Rights owner communication:** Our test buy has confirmed the unlawful use of the Klaire Labs trademark on all items sold by this seller.
**ASIN:** B07LB6KNTN
**Title:** Klaire Labs Eicosamax TG Fish Oil Pills with EPA/DHA - Omega-3 Fatty Acids to Support Brain & Heart Function - Natural Lemon Flavor to Help Reduce Fishy Burps or Aftertaste (120 Softgels)
**Violation type:** TrademarkProductPackaging
**Complaint ID:** 17261795471

---

**Rights owner details:**

-- Robbie S

-- [rcsegall1@gmail.com](mailto:rcsegall1@gmail.com)

**Rights owner communication:** Our test buy has confirmed the unlawful use of the Klaire Labs trademark on all items sold by this seller.
**ASIN:** B07FSYG2BZ
**Title:** Klaire Labs Ultra K2 Menaquinone - 4 - Vitamin K2 Supplement with 15mg of Vitamin K2 MK4 per Capsule - Support Bone & Cardiovascular Health - Hypoallergenic & Vegan Vitamin K (90 Capsules)
**Violation type:** TrademarkProductPackaging
**Complaint ID:** 17261795471

---

You can view your account performance or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

Thank you,

Amazon Services



**Report an issue with this email**

If you have any questions visit: Seller Central

To change your email preferences visit: Notification Preferences

We hope you found this message to be useful. However, if you'd rather not receive future e-mails of

this sort from Amazon.com, please opt-out here.

Copyright 2025 Amazon, Inc, or its affiliates. All rights reserved.

Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210

45. The above report relates to Klaire Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

46. The Klaire Products identified in the above report were genuine.

47. The Klaire Products identified in the above report were distributed by Defendant.

48. On information and belief, prior to filing the above report, Defendant knew, or should have known, that the Klaire Products sold by Plaintiff were not infringing and did not infringe the above cited Klaire Trademark.

49. On information and belief, Defendant's allegation that the above Klaire Products were infringing was knowingly false and made in bad faith.

50. In total, Defendant reported approximately 10 different products as infringing:

| ASIN | COMPLAINT ID |
|---|---|
| B0792FHLSG | 17261795471 |
| B006B1Y9WW | 17261795471 |
| B017ODLTUU | 17261795471 |
| B07LB6KNTN | 17261795471 |
| B07FSYG2BZ | 17261795471 |
| B09F279CRD | 17261907271 |
| B00859MEA2 | 17261907271 |
| B0169CHY10 | 17261907271 |
| B001PYXMV4 | 17261634771 |
| B001PYZDLG | 17261634771 |

51. Prior to filing the above reports, Defendant knew, or should have known, that the Klaire Products sold by Plaintiff did not infringe the above-cited Klaire Trademark.

52. Defendant's allegations that the above Klaire Products infringed Defendant's trademark rights was knowingly false and made in bad faith.

**DEFENDANT REFUSES TO RETRACT THEIR FALSE REPORT TO AMAZON**

53. The above false reports are part of an ongoing and continuous course of conduct by Defendant to interfere in Plaintiff's ability to resell Klaire Products.

54. On or about March 19, and March 26, 2025. counsel for Plaintiff contacted Defendant's counsel regarding the reports and requested a retraction of the reports.

55. Defendant did not retract.

**HARM TO PLAINTIFF**

56. As a result of the above false rights complaints, Plaintiff's listings relating to Klaire Products were suspended, resulting in an immediate loss of revenue.

57. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

58. On information and belief, Defendant was aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

59. On information and belief, Defendant has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

60. At no time has Plaintiff ever sold Klaire Products that infringed any of Defendant's intellectual property or other legal rights.

61. The Klaire Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

62. Defendant knowingly made false intellectual property rights complaints against Plaintiff.

63. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing, and eliminate fair competition.

64. As a result of Defendant's false complaints, Plaintiff's performance metrics were irreparably damaged.

65. It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

66. Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

67. Defendant's false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

### COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

68. Plaintiff realleges and incorporates all previous paragraphs.

69. Defendant manufactures and distributes Klaire Products and place such products into the stream of commerce.

70. Plaintiff stocks, displays, and resells new, genuine Klaire Products, each bearing a true mark.

71. Defendant has submitted one or more complaints to Amazon that state that Plaintiff sold infringing Klaire Products that infringed, *inter alia*, the Klaire Trademark.

72. The Klaire Products sold by Plaintiff were not infringing.

73. On information and belief, prior to the time that Defendant submitted its complaints to Amazon, Defendant purchased and examined the Klaire Product offered for sale by Plaintiff.

74. Defendant's complaints caused the suspension of Plaintiff's selling privileges as they relate to Klaire Products.

75. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of Klaire Products on the Amazon.com platform.

76. Defendant's complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

77. Under these facts, an actual controversy exists between Plaintiff and Defendant.

78. Plaintiff is entitled to a declaratory judgment that it has not violated Defendant's trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

79. Plaintiff realleges and incorporates all previous paragraphs.

80. Defendant published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Klaire Products infringed the Klaire Trademark.

81. Plaintiff did not infringe the Klaire Trademark.

82. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Klaire Products.

83. Defendant's false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

84. Upon information and belief, Defendant was, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendant knew that Plaintiff sells genuine products.

85. Defendant's false statements are not protected by any privilege.

86. Defendant acted with actual malice or with reckless disregard for the truth of the matter contained in Defendant's false statements to Amazon and Plaintiff's customers.

87. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

88. Here, Defendant published statements that Plaintiff was engaged in trademark infringement.

89. Defendant's false statements constitute defamation per se.

90. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling certain Klaire Products and damage to its relationship with Amazon and its customers.

91. Whether by defamation per se or by special harm, Plaintiff has suffered injury as certain of Plaintiff's selling privileges related to Klaire Products have been suspended and Plaintiff has lost sales of Klaire Products and many other products.

92. Plaintiff is entitled to damages, costs, and fees as allowed by law.

93. Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

### COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

94. Plaintiff realleges and incorporates all previous paragraphs.

95. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

96. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

97. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

98. At all relevant times, Defendant was aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

99. At all relevant times, Defendant was aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

100. Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

101. Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

102. Defendant intended to cause Amazon to suspend Plaintiff's ability to sell Klaire Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

103. Defendant had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Klaire Products on Amazon.

104. Defendant's accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

105. Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Klaire Products to be suspended.

106. Defendant's actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

107. The intentions of Defendant are demonstrated by the fact that Defendant has never offered any coherent explanation for their reports of trademark infringement.

108. Defendant's accusations were false and were made maliciously and with ill will.

109. Plaintiff has been damaged by suspension of these listings by losing revenue related to Klaire Products.

110. Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

111. Plaintiff has suffered injury and, unless Defendant is enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendant, including the Klaire Trademark;

B. Preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from filing complaints with Amazon and any other e-commerce platform.

C. Injunctive relief requiring Defendant to rescind all complaints that they have filed against Plaintiff;

      D.      An award of all damages that Plaintiff has suffered as a result of Defendant's defamation;

      E.      An award of all damages that Plaintiff has suffered as a result of Defendant's tortious interference;

      F.      An award of all costs and fees incurred in this Action; and

      G.      Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: April 9, 2025

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/ Tuvia Rotberg*
Tuvia Rotberg
Michael Benzaki
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: trotberg@tarterkrinsky.com
           mbenzaki@tarterkrinsky.com

*Attorneys for Plaintiff*